IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDUARDO CASTRO SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION |
| | § | NO.:_____ |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, and | § | |
| SYLVESTER DRAIN, | § | |
| | § | |
| Defendants. | § | |

## <u>DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL</u>

Defendant United Property & Casualty Insurance Company ("UPC") files this Notice of Removal:

### I.   Background

1.   On March 9, 2017, Plaintiff Juan Castro Salinas ("Plaintiff") filed this lawsuit in Hidalgo County, Texas, naming UPC and Sylvester Drain as Defendants.

2.   Plaintiff served UPC with a copy of the Original Petition on March 14, 2017.

3.   UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading.  *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.   As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of Matters Being Filed. A copy of the Docket Sheet is attached as Exhibit "B."  A copy of Plaintiff's Original Petition and Request for Disclosure is attached as Exhibit "C."  A copy of the Citation to UPC is

attached as Exhibit "D." A copy of the Citation to Sylvester Drain is attached as Exhibit "E." Defendant United Property & Casualty Insurance Company's and Sylvester Drain's Original Answer to Plaintiff's Original Petition is attached as Exhibit "F." Finally, the list of Counsel and Parties to the Case is attached as Exhibit "G." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Fort Bend County, Texas, the place where the removed action has been pending.

## II. Basis for Removal

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A. The Proper Parties Are Of Diverse Citizenship.

7. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

8. UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

9. Drain is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Drain, it is UPC's position that Drain has been fraudulently joined in this action. Therefore, the Texas citizenship of Drain should be disregarded for the purposes of evaluating diversity in this matter.

10. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). To determine whether Plaintiff is unable to establish a cause of action against the non-diverse Defendant, the court should conduct a Rule 12(b)(6)-type analysis. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit recently held that District Courts should utilize the more stringent federal pleading standard, not the Texas "fair notice" standard, to conduct this analysis. *International Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

11. Here, Plaintiff asserts generic claims against Drain for violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Act. *See* Exhibit C, pp. 14-17. Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Drain because no real facts relating to him have been set forth. Plaintiff's claims against Drain consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot establish a cause of action against Drain in state court. *See International Energy Ventures Management, L.L.C.*, 2016 WL 1274030, at *6-7; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Bianca Tabarestani v. United Prop. & Cas.*

*Ins. Co., et al,* Civil Action No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Drain, his presence should be disregarded in determining diversity jurisdiction.

12. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the proper parties.

B. **The Amount in Controversy Exceeds $75,000.00.**

13. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Original Petition expressly alleges that "Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00."

### III. Conclusion and Prayer

14. Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  United Property & Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
State Bar No. 24029862
Southern District No.: 17055
**BRETT GARDNER**
State Bar No. 24078539
Southern District No.: 3016873

**THOMPSON, COE, COUSINS & IRONS, LLP.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com
Email: bgardner@thompsoncoe.com

**COUNSEL FOR DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND SYLVESTER DRAIN**

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of April, 2017, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

John Saenz
Hilary Duncan
John Saenz & Associates, P.C.
805 Dallas Avenue
McAllen, Texas 78501
Facsimile: (956) 467-1742
*Counsel for Plaintiff*

/s/ Brett Gardner
Brett Gardner