# Exhibit C

 **CT Corporation**

**Service of Process Transmittal**
03/20/2017
CT Log Number 530888433

**TO:**  Scott R. St. John, Chief Claims Officer
UPC Insurance (NASDAQ: UIHC)
800 2nd Avenue South
Saint Petersburg, FL 33701

**RE:**  **Process Served in Texas**

**FOR:**  United Property & Casualty Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDUARDO CASTRO SALINAS, Pltf. vs. United Property & Casualty Insurance Company and SYLVESTER DRAIN, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 370th Judicial District Court Hidalgo County, TX Case # C111317G |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/20/2017 postmarked on 03/14/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | JOHN SAENZ JOHN SAENZ & ASSOCIATES, P.C. 805 Dallas Ave. McAllen, TX 78501 (956) 467-0111 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0117007543 |
| | Image SOP |
| | Email Notification,  Legal Department  LAWSUIT@upcinsurance.com |
| | Email Notification,  Robin Stokes  rstokes@upcinsurance.com |
| | Email Notification,  Debbie Cunningham  dcunningham@upcinsurance.com |
| | Email Notification,  Thom Ferris  tferris@upcinsurance.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



UNITED STATES POSTAGE
PITNEY BOWES
$ 007.92⁰
02 1P
0001928258  MAR 14 2017
MAILED FROM ZIP CODE 78501



7016 2070 0000 0696 4163

Joe Matamoros
3205 E. Yvonne St
Edinburg, TX 78541

United Property and Casualty Insurance Company
1999 Bryan street, Suite 900
Dallas, TX 75201

**C-1113-17-G**
**370TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**
**CITATION**
**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT:  CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Noe Gonzalez, 370th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 9th day of March, 2017 and a copy of same accompanies this citation. The file number and style of said suit being C-1113-17-G, **EDUARDO CASTRO SALINAS  VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, SYLVESTER DRAIN**

Said Petition was filed in said court by JOHN SAENZ, 805 DALLAS AVE   MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 14th day of March, 2017.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**KIMBERLY HINOJOSA, DEPUTY CLERK**

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

CAUSE NO. **C-1113-17-G**

| | | |
|---|---|---|
| EDUARDO CASTRO SALINAS,<br>*Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| UNITED PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>and SYLVESTER DRAIN,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, EDUARDO CASTRO SALINAS, (hereinafter referred to as "PLAINTIFF"), and files this Plaintiff's Original Petition against DEFENDANT, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY and SYLVESTER DRAIN, and for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 2.

### II. Claim for Relief

Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

### III. Parties

Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter referred to as "UPC"), is an insurance company residing in the

1

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

state of Texas and may be cited with process by Certified Mail Return Receipt Requested

through its agent for service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas,

Texas 75201-3136.

Defendant, SYLVESTER DRAIN, is an insurance company residing in the state

of Texas and may be cited with process by Certified Mail Return Receipt Requested at its

principal place of business: 3350 Hwy. 6, No. 203, Sugar Land, Texas 77478.

UPC and SYLVESTER DRAIN are in the business of insurance in the State of

Texas. The insurance business done by UPC and SYLVESTER DRAIN in Texas

includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of applications for insurance, including the
   PLAINTIFF's application for insurance;

3. The receiving or collection of premiums, commissions, membership fees,
   assessments, dues or other consideration for any insurance or any part
   thereof, including any such consideration or payments from the
   PLAINTIFF;

4. The issuance and delivery of contracts of insurance to residents of this state
   or a person authorized to do business in this state, including the
   PLAINTIFF.

5. The adjusting and investigation of PLAINTFF's insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as an insurance company through its
   agents and employees with authority to make coverage decisions.

2

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

PLAINTIFF is a consumer of DEFENDANTS' in that PLAINTIFF purchased insurance from said entities and/or services to be provided by them. Defendants are individuals corporations, associations, partnerships, or other legal entities engaged in the business of insurance. Defendants constitute "persons" as that term is defined in chapter 541.002(2) of the Texas Insurance Code.

### IV.  Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the properties insured are situated in HIDALGO County, Texas; PLAINTIFF's losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in HIDALGO County, Texas.

### V.  Facts

UPC, SYLVESTER DRAIN, and/or their agents committed the actions alleged by PLAINTIFF in this complaint. PLAINTIFF owns the property located at 2606 Ivy Ave., Hidalgo, Texas 78557; Policy No. UTH025727600; Claim No. 2016TX022902. UPC provided insurance coverage to the PLAINTIFF for said property, and personal property, as described above. Due to a weather occurrence that occurred on May 31, 2016, during the term of said policy, PLAINTIFF sustained covered losses in the form of hailstorm, windstorm, and water storm damages resulting therefrom, including but not limited to damage to the interior, roof, and architectural finishes of the property. Although the losses PLAINTIFF suffered were extensive and resulted from a covered peril under the policy, PLAINTIFF's claim was paid only a fraction of the amount he is owed under the policy. As a result, PLAINTIFF's property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.

3

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

Following the discovery of the damage, PLAINTIFF reported the losses to UPC, pursuant to the terms of the insurance policy. UPC then sent adjuster SYLVESTER DRAIN, as agent for UPC, out to the property to assess the damages. The inspection proved to be inadequate. The adjuster did not take the time to truly inspect all of the damage caused by the storm, merely performing a cursory overview, failing to account for a substantial amount of the damage that was present. Defendant incorrectly stated that a portion of PLAINTIFF's damages were a result of foundation issues, not a named peril; however, PLAINTIFF knew the damages to the property are a direct result of the 2016 storm event. Further, PLAINTIFF's property has since been inspected by an outside contractor who performed a complete inspection of the property and has estimated damages of approximately $49,000.00 from the 2016 occurrence, and as such should be covered under the policy. It has become apparent both that PLAINTIFF suffered extensive damage due to a covered peril, and also that DEFENDANT greatly underrepresented the extent of PLAINTIFF's damages and the cost that it would take to perform the necessary repairs, repairs that should be covered under PLAINTIFF's insurance policy with UPC.

The adjuster clearly failed to properly estimate PLAINTIFF's covered damages. In not performing a thorough inspection of the property and not including the full scope of PLAINTIFF's covered damages in the estimate of repair costs, DEFENDANT did not perform a reasonable investigation into PLAINTIFF's claim. DEFENDANT did not offer any detailed explanation of PLAINTIFF's coverage or its decision to omit repairs from the estimate of repair costs for the damages; it simply recited vague policy language. PLAINTIFF has no understanding of UPC's coverage decision or why certain damages that should be covered were excluded.

4

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to dwell in a damaged property during the pendency of UPC'S conduct.

### VI.  Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### VII.  Conditions Precedent

All notices and proofs of loss were timely and properly given to UPC in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to UPC. All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFF's recovery have occurred and/or have been performed, UPC has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

### VIII.  Breach of Contract-UPC

PLAINTIFF purchased insurance the above-mentioned insurance policy with UPC. PLAINTIFF's property was damaged by storm and/or water damage on or

5

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

around May 31, 2016, damages which are covered under the insurance policy. UPC has denied and delayed full payment of PLAINTIFF's covered claims. UPC excluded known damages from its estimate. UPC failed to pay PLAINTIFF the amount owed to him under the policy. UPC has no reasonable basis for denying, delaying, and failing to fully pay PLAINTIFF's claim for damages. UPC knew or should have known that there was no such reasonable basis to deny, delay, and/or fail to pay such a claim in its entirety, as it resulted from a covered peril under PLAINTIFF's policy. Further, PLAINTIFF's covered damages are far greater than the deductible. This conduct of UPC was irresponsible and unconscionable in its failure to fully investigate and properly assess PLAINTIFF's losses and costs to repair. Had DEFENDANT's own adjuster produced a proper assessment of PLAINTIFF's property damages, DEFENDANT would know the full extent of the damage. UPC took advantage of the PLAINTIFF's lack of sophistication in insurance and construction matters to a grossly unfair degree by attempting to minimize PLAINTIFF's covered losses and costs to repair by omitting the majority of PLAINTIFF's covered damages in its estimate and falsely stating that PLAINTIFF's damages were wear and tear damages, not resulting from a covered peril. By these actions, UPC misrepresented to PLAINTIFF that PLAINTIFF's claim warranted no further payment under the policy.

By this conduct, UPC has misrepresented PLAINTIFF's coverage, extent of damages, and cost to repair. Through its actions herein and in Section V above, DEFENDANT breached its contract with the PLAINTIFF. The conduct of UPC has proximately caused the injuries and damages to the PLAINTIFF. Because of UPC's actions, UPC has left PLAINTIFF's property open to additional damages during the pendency of attempting to receive a fair settlement of the covered claim.

6

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**
## IX.  Second Cause of Action: DTPA Violations-UPC

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, UPC has engaged in DTPA violations which, together and separately, have been a producing cause of PLAINTIFF's damages.

When PLAINTIFF purchased insurance with UPC, UPC'S agents made false representations about PLAINTIFF's rights and remedies under the policy at issue which include, inter alia, that it would pay and did pay the full amount of any covered losses, which it did not, and that it would fully investigate any losses, which it did not. These statements were a misrepresentation of the insurance policy and its benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code. DEFENDANT further made a false representation on July 7, 2016, through its agent SYLVESTER DRAIN, that nothing beyond the his estimate was owed to PLAINTIFF for his damages, although this was only a fraction of his covered damages, which totaled approximately $49,000.00. UPC'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code. UPC additionally represented it would pay PLAINTIFF the full amount that he may be owed, on time, and DEFENDANT has failed to do so, as he has yet to be paid the full amount he is owed under the policy for his covered damages. This representation was made by the sales representative at the time of the purchase of the policy.

UPC failed to disclose information to PLAINTIFF concerning the nature and extent of the insurance policy which was known by UPC at the time of purchase of the policy for the purpose of inducing PLAINTIFF into transactions which he would not

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and

Commerce Code. By representing to PLAINTIFF that it would pay for the full amount

of covered losses, and on time, PLAINTIFF was induced into purchasing a policy with

UPC. Had PLAINTIFF known that this was not the case, and that UPC would attempt

to dispose of PLAINTIFF's claim by completely denying any damage rather than

paying him the full sum he is owed for his covered losses, he likely would not have

agreed to the policy as presented.

As described hereinabove, UPC violated Chapter 541, Texas Insurance Code,

entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce

Code. By representing to the PLAINTIFF that the amount that UPC would pay was the

full amount owed to him after investigation, UPC took advantage of PLAINTIFF's lack

of knowledge in construction and insurance claims processes, misrepresented the losses

covered under the insurance policies, and failed to disclose pertinent information

regarding the nature and the amount of damages suffered by the PLAINTIFF. UPC

failed to provide to PLAINTIFF the accurate amount of the damages and failed to

properly investigate the claim, ignoring significant losses to the property.

UPC'S conduct as described herein was a producing cause of damages to

PLAINTIFF for which he sues. The conduct of UPC was more than just a mistake and

was done "knowingly" and/or "intentionally" as that term is derived by statue. In

addition, UPC has shown a pattern of delay, underpayment of claims and denial of a

substantial portion of PLAINTIFF's covered damages. Because of that, UPC may be

subject to liability for additional damages under the Texas Deceptive Trade Practices

Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount

not to exceed three times the amount of economic damages.

8

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

## X.  Unfair Insurance Practices-UPC

PLAINTIFF and UPC are both "persons" as defined by Texas Insurance Code Section 541.002(2). UPC has engaged in acts or practices that violated Texas Insurance Code Chapter 541, Subchapter B, Texas Business & Commerce Code Section 17.46(b), and the tie in provision of the Texas Insurance Code, as described herein, causing actual damage to PLAINTIFF.

UPC, through its agents, failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair.  Although PLAINTIFF had extensive damages resulting from the 2016 occurrence, UPC has paid PLAINTIFF only a fraction of what he is owed for the covered damages, representing to him that he is owed nothing further under the policy.  UPC did not attempt in good faith to bring about a prompt, fair and equitable settlement of PLAINTIFF's claim after its liability became clear. Even after UPC was provided with an estimate of PLAINTIFF's damages and repair costs, and was made aware of the additional issues with the estimate and the property, it continued to misrepresent to PLAINTIFF the accurate cost of repairs to the home. UPC has failed to account for certain damages in its estimate.

UPC made false representations about PLAINTIFF's rights and remedies under the policy, including that it would pay the full amount of the covered losses, which it did not, and that it would fully investigate the loss, which it has not. UPC and its agent SYLVESTER DRAIN have failed to address all damage to the property and its contents causing further damage to the PLAINTIFF, as PLAINTIFF has yet to receive the full payment owed to him under the policy to repair his home.  UPC and SYLVESTER DRAIN have intentionally failed to properly convey all information to PLAINTIFF such as the true cost of repairs, intentionally ignoring damages to the property.

9

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

PLAINTIFF's property suffered from covered losses and damages of which DEFENDANTS are fully aware. DEFENDANTS have known about covered windstorm, hailstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. UPC has failed to warn PLAINTIFF of consequential damage to the property.

By its conduct outlined above, UPC committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. UPC committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     UPC failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF's claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4)). UPC has been provided with the opportunity and time to inspect the property and accurately assess PLAINTIFF's claim, yet has failed to pay the full amount owed on said claim.

(2)     UPC failed to promptly provide to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9)).  PLAINTIFF's claim should be fully covered under the policy, yet Plaintiff has been paid only a fraction of what he is owed by UPC, and no explanation has been provided as to why certain damages were not covered.

(3)     UPC refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

21.203(15)).  UPC has excluded certain damages that are in need of repair from the estimates.

(4)     UPC failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3)).   Since the 2016 occurrence, Defendant has been provided the opportunity to inspect PLAINTIFF's home, but as of yet has not come to a proper estimate of necessary damages.

(5)     UPC violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18)). Plaintiff has not yet been paid the full amount he is owed under the insurance policy.

(6)     UPC made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1)) by representing that it was accounting for all of PLAINTIFF's damages that it was owed under the policy in its estimate any subsequent payment, when this was not the case.

(7)     UPC made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact. By excluding damages from an estimate of repair costs, a reasonably prudent person would be lead to believe that they were owed nothing further under the policy. Although, in the current case, despite Defendant's representations, Plaintiff is owed a substantial additional amount under the policy.

Due to UPC's actions addressed hereinabove and its failure to pay PLAINTIFF what he is rightfully owed under the policy for the 2016 damages, PLAINTIFF has been unable to perform all of the necessary repairs to the home, having to remain in lesser conditions as UPC has refused to pay the amount needed to repair the home to pre-storm

11

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

conditions. The conduct as described herein was a producing cause of damages to

PLAINTIFF for which he sues. Pursuant to Texas Insurance Code, Chapter 541.152,

PLAINTIFF is entitled to recover an award not to exceed three times the amount of

actual damages due to UPC'S knowing conduct.

### XI.  Breach of the Duty of Good Faith and Fair Dealing-UPC

At the time of the loss, PLAINTIFF had an insurance contract with insurer, UPC.

UPC has delayed payment of the claim, as it has yet to pay what PLAINTIFF is owed

under the policy, while PLAINTIFF has suffered extensive damages. Further, UPC has

not fully investigated PLAINTIFF's claim thoroughly, objectively, and in good faith,

with UPC excluding the majority of PLAINTIFF's covered damages on estimates of

repair costs. It failed to provide for all the repairs necessary to the home caused by the

covered peril.  From and after the time the PLAINTIFF's claims were presented to UPC,

liability to pay the claims in accordance with the terms of insurance policy referenced

above has been reasonably clear. UPC has been provided the opportunity to inspect

PLAITNIFF's property, so it is aware of the extensive nature of repairs needed to the

property. Despite there being no basis whatsoever on which a reasonable insurance

company would have relied to deny and/or delay full payment for PLAINTIFF's claims,

UPC refused to accept the claims in totality and pay the full amount owed as the policy

required. UPC actions listed herein constitute failure to handle or process PLAINTFF's

claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by

the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex.

1988). By these actions,  UPC breached its duty to deal fairly and in good faith with the

PLAINTIFF. Because of its failure to pay the totality of the damages owed under the

insurance policy, PLAINTIFF has incurred greater expenses and damages to the

12

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

property, for which he sues.  UPC had a duty to investigate the PLAINTIFF's claims and

failed to properly do so in spite of the fact that it was given full access to the property.  It

offered to pay only a portion of the damage caused by the storm and did not tell the

Plaintiff of all the damages caused by the storm as was its duty under the policy.

### XII.   Texas Insurance Code 542, Subchapter B Delay in Payment-UPC

PLAINTIFF gave prompt notice of claims to UPC.  PLAINTIFF's claim was for

damages resulting from a covered peril which occurred during the term of PLAINTIFF's

insurance policy with UPC, making UPC liable for the claim.  UPC has violated Chapter

542 of the Texas Insurance Code by not timely investigating PLAINTIFF's claim and by

failing to fully pay for PLAINTIFF's claim in its entirety. UPC reliance on reports and

estimates from its adjusters and investigating adjusters has been "merely pretextual" and

unreasonable, repeatedly failing to fully investigate the damage caused to the home.

Further, although UPC has had opportunity to perform inspections of the property, it has

yet to pay PLAINTIFF's claim in totality.   UPC has overused adjusters, and

PLAINTIFF disputes the reliability of the investigative findings as the inspection of the

home was incomplete and as damages were left off of estimates prepared by UPC'S

adjusters. PLAINTIFF further disputes the reliability of their investigative findings as

PLAINTIFF's property has since been inspected by an outside party and discovered to

have extensive damages of approximately $49,000.00. Plaintiff still has not been fully

paid what he is owed on the claim.

UPC failed to comply with the requirements of Chapter 542.  UPC has failed to

pay PLAINTIFF's claim within 60 days of receiving all of the items, statements, and

forms required by the insurer to secure final proof of loss, of the acceptance or rejection

of a claim.  Plaintiff has provided UPC with the opportunity to discover the extent of his

13

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-1113-17-G

damages; however, Plaintiff has yet to be fully paid for the claim for the 2016 damages.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from UPC the statutory penalty of 18% per annum on all amounts due on PLAINTIFF's claims, together with attorney's fees, for which he sues.

### XIII. Allegations Against SYLVESTER DRAIN

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). SYLVESTER DRAIN is a "person" subject to the insurance code by its conduct outlined, and engaged in DTPA violations. In not performing a thorough inspection, leaving covered damages off of an accurate estimate of the covered damages, and failing to appropriately value the costs of repair, SYLVESTER DRAIN took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes. In not reporting all of PLAINTIFF's covered damages in its inspection, DEFENDANT misrepresented losses covered under the insurance policies and failed to disclose pertinent information regarding damages to PLAINTIFF's property by failing to inform PLAINTIFF of damages that needed to be addressed. By its conduct herein and in Section V above, SYLVESTER DRAIN has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF's damages:

> (1)    SYLVESTER DRAIN made false representations about PLAINTIFF's rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§ 17.46(b)(5), (7), (12) and

14

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

(14), Texas Business & Commerce Code.  SYLVESTER DRAIN represented that PLAINTIFF's claim that certain storm damages were foundation and certain other damages were not accounted for in the estimate. This was a false representation, as these damages to his property were caused by a covered peril.

(2)    SYLVESTER DRAIN actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief  under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code. Due to SYLVESTER DRAIN's actions and false representations, PLAINTIFF's claim was not properly handled, and as a result, PLAINTIFF was not properly paid on said claim.

(3)    As described above, SYLVESTER DRAIN violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

SYLVESTER DRAIN'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.  The conduct of SYLVESTER DRAIN was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, SYLVESTER DRAIN may be subject to  liability  for additional damages  under  the Texas Deceptive  Trade Practices Act.  PLAINTIFF seeks an award of  additional  damages  under  the  DTPA  in an amount not to exceed three times the amount of economic damages.

SYLVESTER DRAIN did not thoroughly inspect the entirety of PLAINTIFF's property damages, and as such, did not report the full scope of damages an estimate of

15

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

cost to repair. In doing such, SYLVESTER DRAIN failed to inform PLAINTIFF of material facts such as the cause of damage, true scope of damage and repair cost. SYLVESTER DRAIN failed to properly process claims in not performing a proper investigation into PLAINTIFF's claim. By these actions herein and in Section V above, it has misrepresented material facts to PLAINTIFF concerning the extent of damages, coverage, and cost of repair. SYLVESTER DRAIN has failed to address all damage to the property and its contents causing further damage to PLAINTIFF. Further, by not addressing all of the damages, SYLVESTER DRAIN has intentionally failed to properly investigate the loss and neglected damaged areas; failed to properly convey all information to PLAINTIFF concerning the damages that needed to be addressed; and has intentionally ignored damages to the property by failing to address them. PLAINTIFF's property suffered from covered losses and damages of which SYLVESTER DRAIN is fully aware. SYLVESTER DRAIN concealed damage known by it to exist by excluding covered damages from the report. SYLVESTER DRAIN has known about covered damages but failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF's pleas for help. SYLVESTER DRAIN has failed to warn PLAINTIFF of consequential damage to the property. SYLVESTER DRAIN failed to reasonably investigate and perform testing at PLAINTIFF's property.

By its conduct outlined herein and in Section V above, SYLVESTER DRAIN committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. SYLVESTER DRAIN committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

(1)   SYLVESTER DRAIN made, issued or circulated or caused to be made.

issued or circulated an estimate, illustration, circular or statement

misrepresenting with respect to the policies issued or to be issued:

(i)   the terms of the policy; and/or

(ii)   the benefits or advantages promised by the policy.

(2)   SYLVESTER DRAIN made untrue statement of material facts as to the

extent of PLAINTIFF's damages. SYLVESTER DRAIN in addition

made untrue statements of material facts as to the windstorm, hailstorm,

and water coverage provisions of PLAINTIFF's insurance policy and

how it applied to their claim. (Tex. Ins. Code Ann. 541.060(a) (1); 28

TAC section 21.203(1));

(3)   SYLVESTER DRAIN failed to state a material fact necessary to make

other statements made not misleading considering the circumstances under which

statements were made; and

(4)   SYLVESTER DRAIN made statements in a manner that would mislead

a reasonably prudent person to a false conclusion of material fact.

(5)   Failing to respond promptly to a request by a claimant for personal

contact about or review of the claim (28 TAC section 21.203(16)).

SYLVESTER DRAIN'S conduct as described herein was a producing cause

of damages to PLAINTIFF for which he sues. Pursuant to Texas Insurance Code,

Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three

times the amount of actual damages due SYLVESTER DRAIN'S knowing conduct.

### XIV.   Conspiracy and Fraud

In addition, by DEFENDANTS actions listed in Section V and above,

17

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

PLAINTIFFS allege that UPC and SYLVESTER DRAIN have engaged in a concerted

effort, and/or conspiracy to defraud PLAINTIFF of full payment due under the insurance

policy. Together, SYLVESTER DRAIN and UPC failed to properly process

PLAINTIFF's claims, failed to address all damage to the home and its contents,

intentionally failed to fully investigate PLAINTIFF's losses, failed to properly convey all

information to PLAINTIFF regarding the damages and coverage, concealed damages

known to exist, failed to properly perform testing, failed to warn PLAINTIFF of

consequential damages to the home, took advantage of PLAINTIFF's lack of knowledge

in construction, repairs, and insurance claims processing, denied, delayed and/or assisted

in the denial or delay for payment of covered insurance claims, misrepresented and/or

assisted in the misrepresentation of insurance policy terms; and misrepresented and/or

assisted in the misrepresentation of the amount and extent of damages to PLAINTIFF's

property, alleging that PLAINTIFF's damages were only a fraction of what they were in

reality, which was a total of approximately $49,000.00.

SYLVESTER DRAIN and UPC have acted to misrepresent to

PLAINTIFF the extent of damages to PLAINTIFF's property along with said

actions listed in Section V and above, knowing them to be false or making them

recklessly without regard to whether it is true or false, intending PLAINTIFF to

rely on such misrepresentations. DEFENDANTS intentionally failed to fully

investigate PLAINTIFF's losses in not assessing the full scope of PLAINTIFF's

damages on the premises, including but not limited to the roof, interior walls,

windows, carpet, and exterior, failed to properly perform testing to PLAINTIFF's

structure, and misrepresented terms of the insurance policy and coverage related

18

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

to windstorm, hailstorm, and water damage under the insurance policy.

## XV.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contracts, PLAINTIFF has substantially complied and/or are excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by DEFENDANTS. As to any exclusion, condition, or defense pled, PLAINTIFF would show that:

1. The clear and unambiguous language of the policies provide coverage for properties damage caused by hail, windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policies is void as against public policy;

2. Any other construction and its use by UPC violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF's predecessor policy with UPC. In this regard, PLAINTIFF would show that his insurance policies were renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void

19

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF. In the alternative, UPC is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policies coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XVI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFF herein requests a jury trial and along with the filing of the Original Petition have tendered to the Clerk of the Court the statutory jury fee.

## XVII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

## XVIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that DEFENDANTS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Electronically Filed
3/9/2017 11:17:06 AM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-1113-17-G**

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.

805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742

__ /s/ John Saenz_____

JOHN SAENZ
State Bar No. 24038046
HILARY DUNCAN
State Bar No. 24080868
ATTORNEYS FOR PLAINTIFF

21